UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| **IMELDA CORONA** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **CITY OF CHICAGO –** | ) | |
| **DEPARTMENT OF ANIMAL CARE AND** | ) | |
| **CONTROL** | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

This is a civil action brought against Defendant City of Chicago – Department of Animal Care and Control ("Defendant") to redress (1) the employment sex discrimination and harassment of Imelda Corona ("Corona" or "Plaintiff") and (2) Defendant's retaliatory actions against Plaintiff due to Plaintiff's reports of, *inter alia*, sex discrimination and harassment.

## JURISDICTION, VENUE AND PARTIES

1. This action is authorized and instituted pursuant to, *inter alia*, 29 U.S.C. § 621 *et set*.; § 706(f)(1), § 706(f)(3), and § 707(a) through (c) of Title VII; 42 U.S.C. §2000e-5(f)(1) §2000e-5(f)(3) and §2000e6(a) through (c), 29 U.S.C. § 626(c), and 42 U.S.C. §1367.

2. Venue is proper in this judicial district 28 U.S.C. § 1391(b) because Defendant resides in this district and the events giving rise to the claims herein occurred in this district.

3. Plaintiff resides in and is domiciled in this judicial district. TitSe

1

4. At all times relevant here, Plaintiff was an "employee" of Defendant within the meaning of all laws under which she asserts claims, including, but not limited to, Title VII and the Illinois Human Rights Act.

5. Defendant at all times was a person acting under the color of state law under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

6. On February 4, 2018, Plaintiff was sexually assaulted by a co-worker, Mr. Caballero.

7. The sexual assault occurred outside of work hours; however, Mr. Caballero and Plaintiff worked closely on the same shift.

8. On or around February 15, 2019, a colleague told Plaintiff that she heard Mr. Caballero had sexually assaulted Plaintiff.

9. Plaintiff was further informed that her supervisor, Jose Del-Rio, had been informed of the sexual assault at some point prior to February 15, 2019.

10. Despite the report of sexual assault, Mr. Caballero and Plaintiff continued to be placed on the same shift; Supervisor Del-Rio continued to require Mr. Caballero and Plaintiff to have one on one interaction; and Supervisor Del-Rio/City of Chicago did not undertake any investigation, escalate the issue, or institute any discipline – promptly or otherwise.

11. As a result, Plaintiff was uncomfortable and frightened each shift with Mr. Caballero.

12. Upon being informed that Plaintiff was aware of his knowledge of her being sexual assaulted, Supervisor Del-Rio became upset with Plaintiff and would ignore Plaintiff at all costs; further, he began to disparage Plaintiff to her co-workers.

13. On or around February 18, 2019, a co-worker who was also sexually assaulted by Mr. Caballero and Plaintiff reported the same with the City of Chicago EEO group.

- 3 -

14. On or around February 21, 2019, the two filed a police report with the City of Chicago.

15. On or around February 26, 2019, Plaintiff spoke with HR to report the retaliatory treatment of my supervisor and another colleague, Francis Watson.

16. On or around April 8, 2019, Plaintiff gave a statement to the Inspector General's Office.

17. Despite her reports to HR, Supervisor Del-Rio continued to spread information of Plaintiff's sexual assault throughout the office and disparage her.

18. Several colleagues were informed of Plaintiff's assault, and it became a widely discussed topic at work.

19. Despite her reports to HR, and indeed because of her reports to HR, Supervisor Del-Rio and Francis Watson would routinely tell co-workers that Plaintiff was "ruining their lives" because of her report and would call Plaintiff derogatory names.

20. Co-workers throughout the office who were informed of the issue and resulting investigation would constantly demean Plaintiff and say that this was "grown folk business" and that Plaintiff shouldn't have put herself in the situation to be sexually assaulted.

21. Co-workers and supervisors would say that Plaintiff's reports of the same were causing tension in the workplace, and co-workers and supervisors were upset and hostile towards Plaintiff because the workers could no longer have their bowling night.

22. Derogatory pictures/memes were placed in the dispatch room in reference to people "snitching;" these were directed to Plaintiff and threatening.

23. Despite all of this, at no time during any investigation did the shifts of any of the parties involved change.

24. Plaintiff was required to be in the same room with harassers, including, but not limited to, Mr. Cabellero, Mr. Del-Rio, and Ms. Watson every day.

25. Finally, on or around October 2020, close to two years after the City of Chicago – via, at least, Supervisor Del-Rio – was informed of a co-worker sexual assaulting Plaintiff, Mr. Caballero was terminated.

26. On March 9, 2021, Plaintiff dually filed a Charge of Discrimination with the Illinois Department on Human Rights and the EEOC setting forth continuing action claims of Sex Discrimination and Harassment under Title VII and the Illinois Human Rights Act and Retaliation under Title VII and the Illinois Human Rights Act. This Charge is attached hereto as **Exhibit A**.

27. On September 24, 2021, the Plaintiff was issued a Right to Sue for the above-reference Charge. The Right to Sue is attached hereto as **Exhibit B**.

28. Plaintiff has filed this lawsuit within 90 days of her receipt of the Right to Sue notice.

## COUNT I
**Sex Discrimination/Harassment in Violation of Title VII**

29. Plaintiff repleads the allegations contained in all paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

30. Title VII prohibits employers from denying employees equal employment opportunities with respect to terms, conditions, benefits, or privileges or employment based on their sex.

31. Defendant denied Plaintiff equal terms, conditions, benefits, or privileges of employment because of her sex by fostering and condoning sexual harassment and failing to promptly remediate.

32. Moreover, as a result of Plaintiff's sex, Plaintiff was demeaned and shamed as set forth above.

33. Plaintiff is member of a protected group – female.

34. Plaintiff was subjected to unwelcome sexual harassment and discrimination as set forth above.

35. Plaintiff's sex was a motivating factor in the harassment.

36. The harassment and discrimination were severe and pervasive and resulted in an environment so hostile that it materially affected the terms and conditions of Plaintiff's employment.

37. Defendant knew of, and condoned, the sexual harassment and discrimination and did not promptly remediate.

38. Defendant, by the actions described herein, discriminated against Plaintiff due to her sex in violation of the Title VII.

39. As a consequence of Defendant's actions as described herein, Plaintiff has lost, and continues to lose, wages, other financial incidents, and/or benefits of employment.

40. As a consequence of Defendant's actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

41. As a consequence of Defendant's actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

42. The conduct of Defendant was outrageous and willfully undertaken with reckless disregard for Plaintiff's rights, and punitive damages are warranted.

## COUNT II
**Sex Discrimination/Harassment in Violation of Illinois Human Rights Act**

43. Plaintiff repleads the allegations contained in all paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

44. The Illinois Human Rights Act prohibits employers from denying employees equal employment opportunities with respect to terms, conditions, benefits, or privileges or employment based on their sex.

45. Defendant denied Plaintiff equal terms, conditions, benefits, or privileges of employment because of her sex by fostering and condoning sexual harassment

46. Moreover, as a result of Plaintiff's sex, Plaintiff was demeaned and shamed as set forth above.

47. Plaintiff is member of a protected group – female.

48. Plaintiff was subjected to unwelcome sexual harassment and discrimination as set forth above.

49. Plaintiff's sex was a motivating factor in the harassment.

50. The harassment and discrimination was severe and pervasive and resulted in an environment so hostile that it materially affected the terms and conditions of Plaintiff's employment.

51. Defendant knew of, and condoned, the sexual harassment and discrimination and did not promptly remediate.

52. Defendant, by the actions described herein, discriminated against Plaintiff due to her sex in violation of the Title VII.

53. As a consequence of Defendant's actions as described herein, Plaintiff has lost, and continues to lose, wages, other financial incidents, and/or benefits of employment.

54. As a consequence of Defendant's actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

55. As a consequence of Defendant's actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

56. The conduct of Defendant was outrageous and willfully undertaken with reckless disregard for Plaintiff's rights, and punitive damages are warranted.

## COUNT III
### Retaliation in Violation of Title VII

57. Plaintiff repleads the allegations contained in all paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

58. Title VII prohibits employers from denying employees equal employment opportunities with respect to terms, conditions, benefits, or privileges or employment based on their sex and from retaliating against employees based on protected activities.

59. Defendant denied Plaintiff equal terms, conditions, benefits, or privileges of employment – i.e. retaliated against Plaintiff – because of her reports of sex discrimination/harassment as set forth above.

60. Plaintiff's protected activity was a motivating factor for Defendant's retaliation.

61. As a consequence of Defendant's actions as described herein, Plaintiff has lost, and continues to lose, wages, other financial incidents, and/or benefits of employment.

62. As a consequence of Defendant's actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

63. As a consequence of Defendant's actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

64. The conduct of Defendant was outrageous and willfully undertaken with reckless disregard for Plaintiff's rights, and punitive damages are warranted.

## COUNT IV
**Retaliation in Violation of Illinois Human Rights Act**

65. Plaintiff repleads the allegations contained in all paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

66. The Illinois Human Rights Act prohibits employers from denying employees equal employment opportunities with respect to terms, conditions, benefits, or privileges or employment based on their sex and from retaliating against employees based on protected activities.

67. Defendant denied Plaintiff equal terms, conditions, benefits, or privileges of employment – i.e. retaliated against Plaintiff – because of her reports of sex discrimination/harassment as set forth above.

68. Plaintiff's protected activity was a motivating factor for Defendant's retaliation.

69. As a consequence of Defendant's actions as described herein, Plaintiff has lost, and continues to lose, wages, other financial incidents, and/or benefits of employment.

70. As a consequence of Defendant's actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

71. As a consequence of Defendant's actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

72. The conduct of Defendant was outrageous and willfully undertaken with reckless disregard for Plaintiff's rights, and punitive damages are warranted.

## COUNT V
**Sex-Based Unlawful Deprivation of Federally Protected Rights – Equal Protection Clause of the Fourteenth Amendment, Section 1983**

73. Plaintiff repleads the allegations contained in all paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

74. Defendant is a "person" as used under Section 1983.

75. The actions taken by Defendant were taken while acting under color of state law.

76. The Equal Protection Clause of the Fourteenth Amendment precludes those acting under color of state law from denying individuals equal treatment on the basis of, *inter alia*, sex.

77. Defendant deprived Plaintiff of her federally protected rights under the Equal Protection Clause of the Fourteenth Amendment because of sex, while acting under color of state law, by, as set forth in detail above, by engaging in and/or condoning and not promptly remedying sexual harassment and discrimination of Plaintiff and then subjecting her to retaliation.

78. Plaintiff's sex was a motivating factor in Defendant's conduct towards her.

79. Defendant's actions were willful, intentional, and/or done maliciously or with callous disregard or reckless indifference to Plaintiff's federally protected rights. Exemplary/punitive damages are warranted to prevent similar unlawful conduct by Defendant.

80. Plaintiff was damaged by Defendant's conduct.

## COUNT VI
## Unlawful Deprivation of Federally Protected Rights – First Amendment, Section 1983

81. Plaintiff repleads the allegations contained in all paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

82. Defendant is a "person" as used under Section 1983.

83. The actions of Defendant were taken while acting under color of state law.

84. Plaintiff engaged in activity protected by the First Amendment when she, *inter alia*, reported sexual assault and retaliation internally and externally.

85. Plaintiff was retaliated against for engaging in protected speech.

86. Indeed, the adverse actions set forth above, were taken by Defendant against Plaintiff and were motivated, at least in part, by her protected speech.

87. The adverse actions taken by Defendant against Plaintiff would deter a person of ordinary firmness from continuing to engage in the protected speech.

88. Defendant's actions were willful, intentional, and/or done maliciously or with callous disregard or reckless indifference to Plaintiff's federally protected rights. Exemplary/punitive damages are warranted to prevent similar unlawful conduct by Defendant.

89. Plaintiff was damaged by Defendants' conduct.

## COUNT VII
### Invasion of Privacy – Public Disclosure of Private Facts

90. Plaintiff repleads the allegations contained in all paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

91. Defendant was in possession of private information pertaining to the sexual assault of Plaintiff of which the public had no legitimate concern to know.

92. Defendant disseminated this information verbally and upon information and belief in writing to several employees who had no legitimate concern to know this private information.

93. This private information was published to individuals both inside and outside of the workplace.

94. Plaintiff did not consent to this publication.

95. Plaintiff, at the time of the unlawful publication, did not waive any right to privacy in this information.

96. Defendant did not have any privilege to justify publishing this information.

97. The publishing of this information would bring shame or humiliation to a person of ordinary sensibilities in the workplace.

98. As a direct and proximate cause of this publication, Plaintiff was damaged, suffering a loss of enjoyment of life, anxiety, shame, humiliation, and embarrassment.

## RELIEF SOUGHT – ALL COUNTS

### I. Injunctive Relief to Cease Unlawful Sex Discrimination and Retaliation

Defendants' unlawful discriminatory (due to sex) and retaliatory conduct must be attacked from several directions. Accordingly, Plaintiff respectfully requests that the Court enter an order declaring Defendants violated Title VII, the Illinois Human Rights Act, the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment and directing that Defendant:

a) Conduct training for all managers regarding sex discrimination, retaliation and review Defendant's policy regarding discrimination and retaliation;

b) Conduct training regarding how to prevent bias (including stereotypes) from impeding the advancement of women and those who report sexual harassment or assault in the workplace;

c) Forbid future violations of Title VII, the Illinois Human Rights Act, the First Amendment, and the Equal Protection of the Fourteenth Amendment and other laws prohibiting sex discrimination and retaliation in the workplace;

d) Adopt policies aimed at preventing and remedying any future violations that may occur, including an effective reporting procedure and effective investigation procedures that prevent retaliation; and,

e) Notify employees of the violation(s) and the remedy imposed by this Court.

### II. Other Relief as the Court Deems Just and Equitable

Plaintiff also respectfully requests that the Court order other monetary (consistent with the strictures of the Eleventh Amendment) and/or equitable relief, including, but not limited to:

a) Enjoining Defendants from further unlawful conduct;

b) Lost past and future wages (including benefits and interest), compensatory damages, and punitive damages;

c) Other monetary expenses incurred by Plaintiff as a result of Defendants' conduct;

d) Attorneys' fees and costs (including any expert witness's fees); and

- 12 -

    e)  All other and relief that the Court may deem equitable, just or appropriate that is available under applicable law.

## JURY DEMAND

Plaintiff demands a trial by jury of all issued raised in this Complaint.

                          Respectfully submitted,

                          **HKM EMPLOYMENT ATTORNEYS LLP**

                          By: */s/ S. Cody Reinberg*
                              S. Cody Reinberg, MO 66174/ IL 6315681
                              7382 Pershing Ave., 1W
                              St. Louis, MO  63130
                              314-391-9557 p/f
                              creinberg@hkm.com

                              Attorneys for Plaintiff Imelda Corona