IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IMELDA CORONA, | ) |
| | ) |
| Plaintiff, | ) Case No. 21 CV 6777 |
| | ) |
| v. | ) Judge Jeremy C. Daniel |
| | ) |
| CITY OF CHICAGO and JOSE DEL RIO, | ) Magistrate Judge Jeffrey I. Cummings |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Imelda Corona ("Corona") brings this action against her former employer, the City of Chicago, and her former supervisor Jose Del Rio (collectively, the "City"), alleging, *inter alia*, sexual harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq*. Corona – a former employee of the Department of Animal Control – alleges that on February 4, 2018, she was sexually assaulted by a co-worker, Caballero, outside of work hours. A year later, Corona learned from her co-worker Cheryl Edgecombe ("Edgecombe") that other work colleagues, including defendant supervisor Del Rio, had been informed of the assault. Despite Del Rio's knowledge of the incident, Corona continued to be placed on the same shift as Caballero. Del Rio did not undertake an investigation into the incident but, instead, began to avoid Corona and make disparaging remarks about her to her co-workers.

In late February 2019, Corona and Yvonne Silva – another co-worker who was assaulted by Caballero – reported the assaults to the City of Chicago Equal Employment Office ("EEO") group and filed a police report. In addition, Corona and Edgecombe spoke to Human Resources and the City's Office of Inspector General ("OIG") about the assault and retaliatory conduct

1

Corona experienced. Following these reports, Corona alleges that she continued to suffer harassment and retaliation by Del Rio and other co-workers, including Francis Watson. Another supervisor, Marstine Crayton, posted a meme in the dispatcher's office about snitches and was also involved in the alleged harassment.

Despite her complaints, Corona was required to continue to work with Caballero, Del Rio, and Watson, until Caballero was terminated in October 2020 following an investigation by the OIG. Corona further alleges that she continued to suffer harassment and retaliation even after Caballero was fired until she finally left the office in July 2021. As for Edgecombe – who remained in the Department of Animal Control – she too has complained that she continues to be retaliated against since her 2019 involvement into the investigation of Corona's sexual assault. According to the parties' briefs, Del Rio, Watson, and Crayton were ultimately disciplined as a result of the OIG investigation.

Currently before the Court is Corona's motion to compel, (Dckt. #61), in which Corona asks the Court to compel the City to produce information and documents in the following two categories of documents:

> (1) Complaints of retaliation, harassment, or discrimination, formal or informal, made against Del Rio and Frances Watson, as well as investigation into said complaints and any discipline or discussions rendered or had because of such complaints and/or investigations from 2015 to the present; and
>
> (2) Edgecombe's complaints or reports, formal or informal, of retaliation or harassment from February 2019 to the present, as well as investigation into said complaints and any discipline or discussion arising from such complaints/and or investigation, including all documents and communications related to Edgecombe's complaint that was found substantiated by the City's EEO Office in

2

correspondence dated January 23, 2023 and documents related to Edgecombe's 2022 IDHR charge.[1]

According to Corona, these requests are narrowly tailored in scope and time and seek information relevant to her claims under Rule 26. With certain limitations, the Court agrees in part.

I. ANALYSIS

    A. LEGAL STANDARD

A party may file a motion to compel under Federal Rule of Civil Procedure 37 whenever another party fails to respond to a discovery request or when its response is insufficient. Fed.R.Civ.P. 37(a). Courts have broad discretion in resolving such discovery disputes and do so by adopting a liberal interpretation of the discovery rules. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D.Ill. 2018). Rule 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed.R.Civ.P. 26(b)(1); *see Motorola Sols., Inc. v. Hytera Communications Corp.*, 365 F.Supp.3d 916, 924 (N.D.Ill. 2019) ("Relevance focuses on the claims and defenses in the case, not its general subject matter"). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1).

---

[1] These categories of documents stem from plaintiff's Interrogatories Nos. 1, 3, 12-14, as subsequently narrowed by the plaintiff and as interpreted by the Court. (*See* Dckt. #75 at 5-6). The Court notes, however, that in her reply brief, plaintiff also adds supervisor Marstine Crayton to the first category of documents regarding other complaints of discrimination. Because plaintiff's initial interrogatories did not reference Crayton, this order will not extend to other complaints of discrimination against Crayton.

  **B. Other Complaints of Discrimination and Retaliation against Del Rio and Watson are Discoverable as Limited by the Court.**

As this Court has previously noted, "[s]ome degree of latitude in discovery is particularly important in discrimination cases given the challenges in proving such claims." *Anaya v. Birck*, No. 21-cv-02624, 2022 WL 1523640, at *5 (N.D.Ill. May 13, 2022); *Riordan v. Kempiners*, 831 F.2d 690, 697 (7th Cir. 1987) ("Proof of [intentional] discrimination is always difficult. Defendants of even minimal sophistication will neither admit discriminatory animus nor leave a paper trail demonstrating it."); *Butler v. Exxon Mobil Ref. & Supply Co.*, No. CV 07-386-C-M2, 2008 WL 11351509, at *4 (M.D.La. July 22, 2008) ("Proof of wrongdoing, particularly in an employment discrimination case, is difficult to establish, and plaintiffs should be afforded the opportunities to discover[] all factual information pertinent to their case."); *Goff v. Wheaton Indus.*, 154 F.R.D. 351, 356 (D.N.J. 1992) ("This court is painfully aware of the difficulty a plaintiff faces in pursuing discrimination claims. Where appropriate, courts often afford litigants latitude in conducting discovery."). Accordingly, Corona should be afforded the opportunity to discover factual information pertinent to her claims to the to the fullest extent permitted by Rule 26(b)(1). *See Hills v. AT&T Mobility Servs.*, LLC, No. 3:17-CV-556-JD-MGG, 2021 WL 3088629, at *8 (N.D.Ind. July 22, 2021) (noting that "the scope of discovery in employment discrimination cases is particularly broad") (internal quotation marks omitted).

With respect to other complaints of discrimination against Del Rio and Watson (excluding complaints by Edgecombe discussed separately below), the City, at a minimum, appears to acknowledge the relevance of such documents because it has already produced a number of responsive documents. (*See* Dckt. #74 at 6 (describing the documents produced to date)). Indeed, as Corona argues, generally speaking "other complaints of discrimination against an employer have been found relevant . . . if limited to the (a) same form of alleged

4

discrimination, (b) the same department or agency where plaintiff worked, and (c) a reasonable time before and after the discrimination occurred – usually 3 to 5 years," and courts regularly permit the production of such documents. *Williams v. United States Env't Servs.*, LLC, No. CV 15-168-RLB, 2016 WL 617447, at *7 (M.D.La. Feb. 16, 2016) (internal quotation and citation omitted); *see also Huff v. UARCO, Inc.*, 122 F.3d 374, 386 (7th Cir. 1997) ("evidence of the decisionmaker's discriminatory motive regarding one employment decision may be used as evidence of that decisionmaker's discriminatory motive in a similar employment decision.") (internal quotation marks omitted); *Vega v. Chicago Park Dist.*, No. 13 C 451, 2014 WL 12959464, at *5 (N.D.Ill. Sept. 24, 2014) (observing that evidence of other discriminatory acts may be relevant to establishing intent or pretext); *King v. Nw. Cmty. Hosp.*, No. 09 C 5903, 2010 WL 11712048, at *2 (N.D.Ill. Apr. 19, 2010) (ordering the production of other complaints of retaliation, age, and disability discrimination); *Woods v. Von Maur, Inc.*, No. 09 C 7800, 2010 WL 3420187, at *4 (N.D.Ill. Aug. 27, 2010) (permitting production of documents regarding other complaints of race discrimination or retaliation against defendant).

      Here, Corona has properly limited her request regarding other complaints of discrimination in temporal scope and has further narrowed her request to include only complaints of discrimination against Del Rio and Watson, the individuals who she has alleged harassed and retaliated against her. The Court will, however, further limit Corona's request, (as described by the Court, *supra* at 2-3), to other complaints of discrimination and retaliation against Watson and Del Rio related to sexual harassment, discrimination, and retaliation, i.e., the claims asserted by Corona in this case. *See Vega*, 2014 WL 12959464, at *5 ("As limited to complaints of discrimination and retaliation based on gender, ethnic origin, and gender stereotyping, [plaintiff's] request is sufficiently tailored to the specific claims of this case").

5

Furthermore, the City does not assert that producing complaints of other discrimination would be unduly burdensome or disproportional to the needs of the case. Instead, it vaguely implies that the production of additional responsive documents may require an ESI search and would delay the completion of discovery. *See Sols. Team v. Oak St. Health, MSO, LLC*, No. 17 CV 1879, 2021 WL 3022324, at *4 (N.D.Ill. July 16, 2021) ("A party resisting discovery on the basis of undue burden must show with specificity that the discovery requests at issue are objectionable.") (internal quotation and citation omitted). Finally, the City suggests that the evidence Corona seeks in discovery may not be admissible but a determination as to the admissibility and probative value of any similar complaints of discrimination is for another day. *ED&F Cap. Markets Ltd. v. JVMC Holdings Corp.*, No. 18 C 5704, 2020 WL 3469128, at *3 (N.D.Ill. June 25, 2020) ("At this stage the Court is only concerned with relevance under Federal Rule of Civil Procedure 26(b)(1), not relevance and admissibility under Federal Rule of Evidence 401.") (internal quotation and citation omitted).[2]

For these reasons, the City shall produce all remaining outstanding documents, if any, regarding other complaints of sexual discrimination, harassment, and retaliation against Del Rio and Watson from 2015 through the present.

### C. Edgecombe's Other Complaints of Retaliation and Discrimination are Discoverable as Limited by the Court.

As for Edgecombe's complaints of retaliation and discrimination, of course, any documents/communications related to complaints against Del Rio and Watson that fall within the Court's prior ruling, *supra* at I.B., or that followed from her direct involvement in Corona's claims here, are discoverable. However, the parties appear to be at an impasse regarding

---

[2] In this regard, the City's reliance on *Smith v. Rosebud Farmstand*, No. 11-CV-9147, 2017 WL 3008095, at *15 (N.D.Ill. July 14, 2017), is misplaced as the Court there was concerned with admissibility, not relevance under Rule 26 during discovery.

Edgecombe's 2022 complaints, which, according to the City, "dealt with [Department of Animal Control] staff failing to answer calls in a prompt manner, failing to timely follow up on her messages regarding dog bite cases or licenses, *and Watson's alleged refusal to be in the same room with Edgecombe (as well as related complaints by Watson about Edgecombe's behavior)*." (Dckt. #74 at 9 n.6) (emphasis added).[3]

       The City's principal objection to producing these complaints is that they are temporally remote from the events that form the basis of Corona's claims. (*See* Dckt. #74 at 9 ("Edgecombe's alleged complaints about incidents in 2022 have no bearing on what Corona experienced between February 2019 and July 2021. And the three years between Edgecombe's alleged protected activity in early 2019 and her complaints about conduct in 2022 renders any claim of retaliatory intent . . . implausible.")). However, the Seventh Circuit – in the context of determining the admissibility of evidence – has warned against "a blanket exclusion of evidence of events that occurred before or after the discrimination" at issue. *Riordan,* 831 F.2d at 999. Given the broad scope of relevancy under Rule 26, and plaintiff's assertion that Edgecombe has complained of repeated and continued harassment by Watson and Del Rio *since* her 2019 involvement in Corona's complaint, the Court finds that documents related to her 2022 complaints are relevant and discoverable. And, again, the City does not assert that producing such documents would be unduly burdensome.

---

[3] Plaintiff also seeks to compel documents and communications related to a complaint by Edgecombe, which the City apparently found substantiated in correspondence dated January 23, 2023. Unfortunately, plaintiff failed to attach this correspondence, which makes it difficult to discern the nature of the complaint referenced therein. For its part, the City – in its interrogatory answers – indicates that this complaint "pertained to Edgecombe's complaint of another animal control inspector's derogatory language and slurs concerning minorities, including Blacks, Hispanics, Asians and GLBTQ people - and the gay owner of a City business in particular." (Dckt. #62-1 at 12-13). Based on the City's representation, the Court finds that this complaint, found substantiated in 2023, is not relevant to the claims at issue here and no further production is required.

For these reasons, the City shall produce all remaining outstanding documents, if any, regarding Edgecombe's 2022 complaints.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel, (Dckt. #61), is granted in part as limited by the Court and denied in part. The City shall produce the documents ordered above by August 4, 2023. To the extent that the City's production will require an ESI search, the parties are directed to meet and confer to reach a resolution regarding the appropriate search terms and parameters of that search. By August 11, 2023, the parties shall file a joint status report confirming the completion of the City's production, describing what discovery remains to be completed, and setting forth an agreed, proposed deadline for the completion of the remaining fact discovery.

**DATE: July 20, 2023**

_____
**Jeffrey I. Cummings**
**United States Magistrate Judge**

8